IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 16-23699-CMB |
| MARGARET ADELINE VELTRE, | Chapter 11 |
| Debtor. | |
| MARGARET ADELINE VELTRE, | |
| | Adv. No. 16-2213-CMB |
| Plaintiff, | Related to Doc. Nos. 1, 6, and 19. |
| v. | |
| FIFTH THIRD BANK, | |
| Defendant. | |

## MEMORANDUM OPINION

After the Debtor, now deceased, defaulted on her mortgage, Capital One Bank—holder of a first mortgage on the Debtor's homestead—commenced foreclosure proceedings against the Debtor. Capital One obtained a final judgement of foreclosure and the holder of a second mortgage on the homestead, Fifth Third Bank, was the successful bidder at the subsequent sheriff's sale purchasing the homestead at a price equal to Capital One's mortgage. Months after the sheriff's sale, the Debtor filed her voluntary Chapter 11 petition and initiated this adversary proceeding to deem Fifth Third's purchase of the homestead a preferential transfer. This Court must decide whether, as a matter of law, the foreclosure of a debtor's real property executed in

accordance with the applicable state law may subsequently be avoided as a preferential transfer pursuant to 11 U.S.C. § 547.

The Court concludes a property sold at a properly conducted and otherwise non-collusive foreclosure sale may not serve as the basis of a preference action under 11 U.S.C. § 547. At oral arguments, the Debtor conceded the foreclosure sale comported with Pennsylvania law and acknowledged this District's precedent of preventing preference actions from proceeding against foreclosed property absent unusual or illegal circumstances surrounding the sheriff's sale itself. The Debtor urged the Court, however, to adopt a different approach—to look solely at what Fifth Third received from the sheriff's sale compared to what Fifth Third would have received in a hypothetical liquidation of the Debtor's estate based upon the Debtor's alleged value of the homestead. The Court is not persuaded by this alternative approach, especially in light of the well-reasoned opinions from this District already addressing this exact issue. Accordingly, the Debtor's complaint should be dismissed in its entirety.

**Findings of Fact**

The facts are not disputed.[1] The Debtor owned real property located at 2317 Haymaker Road, Monroeville, PA 15146 (the "Property") subject to a first mortgage held by Capital One and a second mortgage held by Fifth Third. Capital One commenced a foreclosure action against the Debtor for non-payment of the first mortgage on December 29, 2014 and obtained a Default Judgement on May 21, 2015.[2] A sheriff's sale was conducted on July 5, 2016 at which Fifth Third purchased the property for $90,000.00—enough to satisfy Capital One's mortgage.[3] A

---

[1] The parties each agreed, in open court, that the underlying facts are not in dispute. Accordingly, the issue before the Court is only a matter of law to be decided based upon the parties' filed pleadings and their representations to the Court on January 18, 2017.

[2] Adv. Pro. Doc. No. 7, Ex. A.

[3] Adv. Pro. Doc. No. 7, Ex. B.

sheriff's deed was issued to Fifth Third on August 15, 2016 and recorded on September 27, 2016.[4] At no time did the Debtor participate or otherwise object to the foreclosure action or sheriff's sale. In fact, the Debtor concedes that she was behind in her mortgage payments and that all steps of the foreclosure proceedings where lawfully conducted and in full compliance with Pennsylvania law. The Debtor raises no argument regarding any abnormality, illegality, or other issue with the foreclosure proceedings including the sheriff's sale itself.[5]

The Debtor filed her voluntary petition thereafter on October 2, 2016 and commenced this adversary proceeding on November 11, 2016 seeking a determination by this Court that Fifth Third's purchase of the Property is an avoidable preference in the amount of $80,000.00.[6] Fifth Third seeks dismissal of the Debtor's complaint for failure to state a cause of action for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012 because, as a matter of law, a validly conducted foreclosure sale precludes the sale from being avoided as a preferential transfer under section 547 of the Bankruptcy Code.[7]

---

[4] Adv. Pro. Doc. No. 7, Ex. A.

[5] At the hearing held on January 18, 2017, the Court inquired: "is it correct that the statements of Fifth Third Bank as to the facts, that there was no collusion at the sale or appeal of the foreclosure?" Debtor's counsel, in addition to acknowledging that the Debtor had not appealed any portion of the foreclosure proceeding, responded, "No, the only claim my client could raise with respect to the foreclosure is that they were in a loss mitigation process and they were foreclosed upon."

[6] See Main Case Doc. No. 18 at 13; Adv. Pro. Doc. No. 1. Pursuant to the Debtor's pleadings, the $80,000.00 claim is derived from the difference of the sale price of the Property paid by Fifth Third in the amount of $90,000.00 with the property's alleged market value in the amount of $200,000.00 less the debt owed to Fifth Third in the amount of $25,000.00. The Court recognizes the Debtor's math is not exact and that the Debtor's asserted value of the Property varies among the pleadings, but is accurate to the extent the numbers reflect that Fifth Third arguably obtained a substantial equity cushion in the Property.

[7] Adv. Pro. Doc. No. 6.

## Conclusions of Law

When reviewing a motion to dismiss filed pursuant to Rule 12(b)(6), the complaint must be viewed in the light most favorable to the plaintiff and all of its well-pleaded allegations must be accepted as true.[8] A complaint must be dismissed if it does not allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[9] The Third Circuit has instructed that in considering a Rule 12(b)(6) motion the Court must conduct a two-part analysis. First, the factual and legal elements of a claim should be separated, and while the well-pleaded factual allegations in the complaint must be accepted as true, any legal conclusions may be disregarded.[10] Second, the Court must determine whether the facts alleged are sufficient to show the plaintiff has a plausible claim for relief (i.e., more than the mere possibility), with such plausibility determination being a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

In order to successfully maintain an action to avoid a preferential transfer under 11 U.S.C. § 547, a plaintiff must establish that the transfer of an interest of the debtor in property was:

    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made--
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

---

[8] *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

[10] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

[11] *Id.*

>   (5) that enables such creditor to receive more than such creditor would receive if--
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.[12]

Here, by her complaint, the Debtor alleges:[13]

1. The sheriff's sale was a transfer;
2. The transfer occurred less than 90 days before the Debtor's petition was filed;
3. The Debtor was insolvent at the time of the transfer;
4. The transfer was made to satisfy an antecedent debt; and
5. The transfer enabled Fifth Third to secure more than it would have received if the case was a case under Chapter 7.

The Debtor's pleading cannot survive the Rule 12(b)(6) analysis because the facts cannot establish that Fifth Third obtained more than it would have received in a hypothetical Chapter 7 where Fifth Third obtained its interest in the Property through a non-collusive and otherwise legal foreclosure proceeding that offered the Debtor every opportunity under Pennsylvania law to redeem her interest in the Property.

Although there is no authority that binds this Court in determining the legal question before it[14] and there is a split of authority on this very question,[15] the Court declines to adopt the position advanced by the Debtor because the Court is not persuaded by this view. Rather, the Court is convinced the better view is that adopted by Judge Markovitz and Judge Agresti in *In re*

---

[12] 11 U.S.C. § 547(b).

[13] Adv. Pro. Doc. No. 1.

[14] "It is clear that there is no such thing as 'the law of the district.' Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior 'resolution of those claims does not bar reconsideration by this Court of similar contentions. The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another.'" *Threadgill v. Armstrong World Indus., Inc.*, 928 F.2d 1366, 1371 (3d Cir. 1991)(citing *State Farm Mutual Automobile Insurance Co. v. Bates*, 542 F.Supp. 807, 816 (N.D. Ga. 1982)).

[15] *Compare In re Whittle Development, Inc.*, 463 B.R. 796 (Bankr. N.D. Tex. 2011), *and In re Villarreal*, 413 B.R. 633 (Bankr. S.D. Tex. 2009), *and In re Rambo*, 297 B.R. 418 (Bankr. E.D. Pa. 2003) *with In re Free*, 449 B.R. 461 (Bankr. W.D. Pa. 2011), *and In re Rocco*, 319 B.R. 411 (Bankr. W.D. Pa. 2005), *and In re Pulcini*, 261 B.R. 836 (Bankr. W.D. Pa. 2001).

*Pulcini*, 261 B.R. 836 (Bankr. W.D. Pa. 2001) and *In re Rocco*, 319 B.R. 411 (Bankr. W.D. Pa. 2005), respectfully, which hold that a valid, legal, and non-collusive sheriff's sale cannot be undone or otherwise avoided by a preferential transfer action under section 547 of the Bankruptcy Code.

Under the Supreme Court's holding in *BFP v. Resolution Trust Corporation,* 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994), if applicable state foreclosure requirements are met, the price obtained at the foreclosure sale constitutes reasonably equivalent value as a matter of law.[16] Applying this rational, the *Pulcini* court found, and the *Rocco* court concurred:

> It compels the conclusion that a pre-petition transfer of a debtor's interest in real property to a lien creditor who purchases the property at a regularly-conducted, non-collusive sheriff's sale and who then sells the property to a third party for an amount greater than the amount of its lien is not avoidable in accordance with § 547(b) as a preference. In particular, the lien creditor does *not* "receive more" for purposes of § 547(b)(5) than it would receive in a chapter 7 liquidation.[17]

The Court adopts this reasoning and concludes that Fifth Third could not and did not "receive more" for purposes of § 547(b)(5) because it purchased the Property at a regularly-conducted, non-collusive sheriff's sale. To hold otherwise would "profoundly affect Pennsylvania's essential interest in making title to real property stable and secure [and] [t]itle to real property purchased at a foreclosure sale 'would be under a federally created cloud'."[18]

## Conclusion

Sheriff's sales executed in compliance with the applicable state law must be final and the rights created and extinguished by them cannot be disturbed by the filing of a bankruptcy petition. Accordingly, a properly conducted and otherwise non-collusive sheriff's sale may not

---

[16] *BFP v. Resolution Trust Corporation,* 511 U.S. at 545.

[17] *In re Rocco*, 319 B.R. 411, 416 (Bankr. W.D. Pa. 2005), *subsequently aff'd sub nom. Rocco v. J.P. Morgan Chase Bank*, 255 F.App'x 638 (3d Cir. 2007).

[18] *In re Pulcini*, 261 B.R. at 844 (citing *BFP v. Resolution Trust Corporation,* 511 U.S. at 544).

be avoided as a preferential transfer pursuant to 11 U.S.C. § 547. A consistent Order will be entered contemporaneously with this Memorandum Opinion.

Date: January 27, 2017      /s/ Carlota M. Böhm
                            Carlota M. Böhm
                            United States Bankruptcy Judge

**MAIL TO:**
David A. Colecchia, Esq.; John J. Berry, Esq.; and Joel M. Helmrich, Esq.

FILED
1/27/17 10:52 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA